COUNTY OF PALM BEACH, *Appellant,* v. STATE OF FLORIDA, *Appellee.*

Division B.

Opinion filed February 19, 1930.

*Rufus M. Robbins,* for Appellant;

*Custis Nottingham* and *James R. Roads,* for Appellee.

WHITFIELD, P. J.—This appeal is from a final decree sustaining a demurrer to the petition and dismissing a proceeding brought under the statute seeking a decree validating bonds proposed to be issued by the county as refunding bonds under Chapter 11855, Acts 1927, Sections 2378 to 2383, Compiled General Laws 1927. It is sought to issue refunding bonds to take up warrants issued against the general fund of the county. In the final decree the

Circuit Judge adjudicated that Chapter 11855, Acts of 1927, does not "give the governing authority of a county the right to levy additional taxes, and to issue long-time interest-bearing bonds upon the full faith and credit of the county, in order to raise funds to pay non-interest bearing warrants drawn on a particular fund, for what might be county operating expenses incurred in excess of its income and without regard to its budget, and for the payment of which the maximum legal tax may have already been assessed and levied and only remain uncollected."

The statute provides:

"That the governing authority of any county, city, town, municipal corporation or taxing district of the State may by resolution authorize the issuance of refunding bonds for the purpose of refunding any bond, note, certificate of indebtedness or other obligation for the payment of which the credit of said county, city, town, municipal corporation or taxing district is pledged, at or prior to maturity in the manner provided in this Act."

The Constitution requires the legislature to authorize the several counties to assess and impose taxes for county purposes and contemplates that the current expenses of a county shall be paid from duly authorized and appropriate annual tax levies.

The statute above quoted clearly does not provide or contemplate that refunding bonds may be issued to refund and thereby postpone the payment of, and to pay interest on, warrants issued by a county for its current expenses. Such warrants are orders payable upon demand from funds to be provided for that purpose. They are not con-

tinuing interest bearing obligations with fixed dates for future maturities.

The Circuit Judge was correct in holding that the statute does not authorize refunding bonds to be issued predicated upon warrants drawn on current funds of the county.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.